J-S16026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEYRON HILLARY HOFFMAN | : | |
| | : | |
| Appellant | : | No. 1664 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 18, 2021,
in the Court of Common Pleas of Schuylkill County,
Criminal Division at No(s): CP-54-CR-0001424-2020.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: JULY 11, 2022**

Keyron Hillary Hoffman appeals from the judgment of sentence imposed following his convictions for possession with intent to deliver, possession of a controlled substance, operation following suspension of registration, and operation of a vehicle without inspection.[1] Hoffman challenges the denial of his motion to suppress. We affirm.

The suppression court found that on August 11, 2020, West Penn Township Police Corporal John C. Kaczmarczyk, Jr. lawfully stopped Hoffman's Jeep Patriot because its registration was suspended. Hoffman pulled over and parked along the shoulder of State Route 309 northbound, a busy four-lane

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and (a)(16) and 75 Pa.C.S.A. §§ 1371(a) and 4703(a), respectively.

highway. Hoffman exited his vehicle, approached the police cruiser, and handed his information to the officer. In addition to the suspended registration, the vehicle also did not have a current inspection sticker. Sergeant Lorah arrived on the scene, and Corporal Kaczmarczyk cited Hoffman for these Vehicle Code violations.

Corporal Kaczmarczyk told Hoffman that his vehicle would have to be impounded because it could not be lawfully driven, and he offered him a ride to the Burger King in Tamaqua. Corporal Kaczmarczyk permitted Hoffman to clear out the vehicle, and Sergeant Lorah gave Hoffman a ride. While Corporal Kaczmarczyk waited for the tow truck, he noticed that Hoffman had left his vehicle's headlights on. When Corporal Kaczmarczyk entered the vehicle to turn off the headlights, he smelled marijuana. He began a search of the vehicle[2] and found three open shopping bags full of a green leafy material in plain view on the floor of the rear passenger side. Corporal Kaczmarczyk seized the bags and called Sergeant Lorah to bring Hoffman back to his car. He arrested Hoffman, who had a backpack containing $5320 in cash and more marijuana. Corporal Kaczmarczyk charged Hoffman with the above offenses.

On October 15, 2020, Hoffman moved to suppress the marijuana and money. The suppression court heard the matter on November 9, 2020. On June 22, 2021, the court denied suppression. On September 21, 2021, the parties entered a factual stipulation to support a verdict of guilt, understanding

_____

[2] Although Corporal Kaczmarczyk testified that this was an inventory search, the suppression court did not make a finding as to the purpose of the search.

- 2 -

that this would permit Hoffman to appeal the denial of his suppression motion. The trial court approved and entered the stipulation as an order of court on September 22, 2021.

On November 18, 2021, the trial court imposed an aggregate sentence of nine to eighteen months' incarceration followed by one year of probation. Hoffman timely appealed. The trial court did not order Hoffman to file a concise statement of errors complained of on appeal. As its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court provided its suppression order, the parties' stipulation, and the sentencing order.

Hoffman raises the following issue on appeal:

> Did the [suppression court] err in denying Hoffman's Motion for Suppression of Evidence filed on October 15, 2020 wherein that Motion alleged that the inventory search conducted by Officer Kaczmarczyk was both invalid and unwarranted and thus the marijuana and U.S. currency should be suppressed[?]

Hoffman's Brief at 4.

On appeal,

> our standard of review for the denial of a suppression motion is *de novo* and is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Our scope of review is to consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the suppression record as a whole. When the sole issue on appeal relates to a suppression ruling, our review includes only the suppression hearing record and excludes from consideration evidence elicited at trial.

*Commonwealth v. Green*, 265 A.3d 541, 550–51 (Pa. 2021) (quotations and citations omitted).

Here, Hoffman complains that Officer Kaczmarczyk did not comply with Section 6309.2 of the Vehicle Code, which provides in relevant part:

> If a motor vehicle . . . for which the registration is suspended, as verified by an appropriate law enforcement officer, is operated on a highway or trafficway of this Commonwealth, the law enforcement officer shall immobilize the motor vehicle . . . or, in the interest of public safety, direct that the vehicle be towed and stored by the appropriate towing and storing agent . . . , and the appropriate judicial authority shall be so notified.

75 Pa.C.S.A. § 6309.2(a)(2).[3]

The Supreme Court of Pennsylvania explained the operation of Section 6309.2 in *Commonwealth v. Lagenella*, 83 A.3d 94 (Pa. 2013). When a person with a suspended license operates a vehicle,[4] the statute requires the police to **impound** the vehicle if it poses public safety concerns and to **immobilize** it if it does not. *Id.* at 101 (citing *Commonwealth v. Thompson*, 999 A.2d 616, 620 (Pa. Super. 2010)); *see id.* at 100 (holding that "towing and storage" means impounding). Thus, when a car was not

---

[3] Section 6309.2 is effective in Philadelphia and in municipalities that adopt it by ordinance. *See Commonwealth v. Henley*, 909 A.2d 352, 361–62 (Pa. Super. 2006) (*en banc*) (citing 75 Pa.C.S.A. § 6309.2, Historical and Statutory Notes). Here, West Penn Township adopted Section 6309.2. West Penn Twp. Ordinance No. 3 of 2018, § 2(b) (Nov. 5, 2018).

[4] *Lagenella* pertained to Section 6309.2(a)(1), which applies when a person with a suspended license operates a vehicle. The instant case falls under Section 6309.2(a)(2), which applies when a person operates a vehicle with suspended registration. The language providing for immobilization or impoundment is the same in both provisions.

disabled or damaged, had no broken glass around it, and was not impeding the flow of traffic, there was no indication that it posed an issue of public safety; Section 6309.2 required the police to immobilize it, not to impound it. *Id.* at 101–02.[5]

The court in *Lagenella* further held that when the police immobilize a vehicle pursuant to Section 6309.2, this does not justify an inventory search. 83 A.3d at 102–06 (holding "that a warrantless inventory search of a vehicle is permissible only when the police have lawfully towed and stored, or impounded the vehicle"). Therefore, where there was no basis for an officer to tow the appellant's car, it was improper to perform an inventory search beforehand. *Id.* at 106. Because such a search was improper, the weapons found during the search should have been suppressed. *Id.*

As to police assessment of issues of public safety, we have previously stated: "Judges are not in a position to second-guess a police officer's decision to tow a vehicle which, in the officer's opinion, may create a traffic hazard. To do so would seriously handicap legitimate traffic-control activities." *Commonwealth v. Henley*, 909 A.2d 352, 364 (Pa. Super. 2006) (*en banc*) (citation omitted). In assessing factual findings from suppression courts, we have thus found that vehicles pose issues of public safety when they block traffic or are parked illegally. *E.g.*, *Commonwealth v. Peak*, 230 A.3d 1220,

---

[5] The court in *Lagenella* declined to rule on whether a police policy requiring towing even when there are no safety concerns would be valid in light of Section 6309.2. 83 A.3d at 102 n.5.

1225–28 (Pa. Super. 2020) (vehicle blocking gas pump at private business); *Henley*, 909 A.2d at 365 (vehicle stopped in snowy roadway with no parking permitted); *Commonwealth v. Jones*, 2022 WL 289261, at *4 (Pa. Super. Feb. 1, 2022) (memorandum) (vehicle on limited access highway, closing a lane); *Commonwealth v. Torres*, 2021 WL 1925716, at *3 (Pa. Super. May 13, 2021) (memorandum) (car partially blocking traffic). However, we have found that the police are not justified in impounding vehicles that are parked legally and do not pose a public safety risk. *E.g.*, *Commonwealth v. Singletary*, 267 A.3d 1267, 1279 n.20 (Pa. Super. 2021) (vehicle legally parked, not impeding traffic, and officer never saw anyone drive it); *Commonwealth v. Wright*, 2020 WL 6268281 (Pa. Super. Oct. 26, 2020) (memorandum) (vehicle legally parked, officer acknowledged no public safety concern).

Here, Hoffman argues that the suppression hearing testimony was "too vague" to support a decision to tow, rather than immobilize, his vehicle. Hoffman's Brief at 13–14. Corporal Kaczmarczyk testified that Route 309 in the area where he had stopped Hoffman is a high-traffic four-lane highway with a speed limit of 45 miles per hour, where there are a lot of accidents. N.T., Suppression, 11/9/20, at 7, 21–22. He therefore felt that Hoffman's vehicle, parked one to two feet past the white fog line, posed a risk to public safety. The suppression court found Corporal Kaczmarczyk's testimony that the vehicle had to be towed for public safety purposes to be credible. Order, 6/22/21, at 3. The traffic level, speed, and history of accidents along the road

where Hoffman's vehicle was stopped all support this assessment. Immobilizing the vehicle for 24 hours would pose a greater risk to public safety than towing it would. Therefore, contrary to Hoffman's argument, the suppression court did not err in concluding that Corporal Kaczmarczyk's decision to impound Hoffman's vehicle complied with Section 6309.2.[6]

Hoffman next argues that Corporal Kaczmarczyk's search was not a proper inventory search or investigatory search. Hoffman's Brief at 16–18. The Commonwealth argues that it met the requirements of a lawful inventory search. Commonwealth's Brief at 7. The suppression court concluded that "[w]hile [Corporal] Kaczmarczyk may have opened up the motor vehicle's driver's side door to turn off the headlights, he would inevitably have had to conduct an inventory search and would have discovered the marijuana without the need for a search warrant." Order, 6/22/21, at 3.[7]

"An inventory search of an automobile is permissible when (1) the police have lawfully impounded the vehicle; and (2) the police have acted in accordance with a reasonable, standard policy of routinely securing and inventorying the contents of the impounded vehicle." *Lagenella*, 83 A.3d at

---

[6] Likewise, we reject Hoffman's argument that the search violated the West Penn Police Department policy directing inventory searches "on those vehicles which cannot reasonably be left where discovered." Hoffman's Brief at 15, Suppression Exhibit 1. Corporal Kaczmarczyk's testimony supports that Hoffman's vehicle could not reasonably left on the shoulder of a busy road.

[7] Inevitable discovery, also argued in the alternative by the Commonwealth, ignores that the cash and some of the marijuana were recovered not from the vehicle but from the backpack that Hoffman wore when he was arrested.

102 (citing ***South Dakota v. Opperman***, 428 U.S. 364, 375 (1976)).  For purposes of this analysis, "impounded" means that the police have lawful custody of the automobile.  ***Henley***, 909 A.2d at 359 (citation omitted).

As noted ***supra***, Corporal Kaczmarczyk lawfully impounded Hoffman's vehicle under Section 6309.2(a)(2).   At the suppression hearing, the Commonwealth introduced the West Penn Township Police Department's policy on inventory searches of vehicles.  Suppression Exhibit 1.  This policy provides a "purpose of looking for valuables contained in a vehicle in police custody to assure the safekeeping of any such valuables and documenting any damage."  ***Id.***  It prohibits inventory searches "for the purpose of gathering incriminatory evidence and/or contraband" but directs the police to seize any evidence or contraband discovered during an inventory search.  ***Id.***

Corporal Kaczmarczyk explained that he looks through every vehicle that he tows "for items of value that could be a problem."  N.T., Suppression, 11/9/20, at 12.  He testified that "whenever possible," he conducts inventory searches roadside, which he would have done with Hoffman's vehicle even if he did not turn off the headlights.  ***Id.*** at 24.  Although Corporal Kaczmarczyk smelled marijuana when he entered Hoffman's vehicle, there is no indication that the smell prompted his search.  Rather, Corporal Kaczmarczyk followed the township policy on inventory searches.  Therefore, Corporal Kaczmarczyk performed a proper inventory search of Hoffman's vehicle, and the suppression court did not err in denying Hoffman's motion to suppress.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/11/2022